IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORENZA LEON BLAYLOCK, JR. § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-09-CV-0579-G |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Lorenza Leon Blaylock, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

In 1993, petitioner was released to parole after serving more than eight years of a 25-year sentence for murder. While on parole, petitioner was convicted of attempted indecency with a child. On September 5, 2000, the Texas parole board found that petitioner's conviction violated the conditions of his release and revoked his parole. In calculating the remainder of his sentence in the murder case, prison authorities did not credit petitioner for any of the time he spent on release. Petitioner challenged that decision in an application for state post-conviction relief. The application was denied without written order. *Ex parte Blaylock*, WR-57,428-04 (Tex. Crim. App. Mar. 5, 2008).[1] Petitioner then filed this action in federal district court.

---

[1] Petitioner later challenged the validity of the state habeas proceeding in a separate application for post-conviction relief. That writ also was denied. *Ex parte Blaylock*, WR-57,428-08 (Tex. Crim. App. Mar. 4, 2009).

II.

As best the court can decipher his claims, petitioner appears to contend that: (1) the denial of "street time" credits accumulated while on release deprived him of due process and equal protection, subjected him to increased punishment, rendered his guilty plea involuntary, and voided his conviction and sentence; and (2) he was denied certain constitutional rights during the state habeas proceeding.

Respondent has filed a preliminary response suggesting that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that petitioner's sentence credit claims are barred by limitations.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Scott v. Quarterman*, No. 3-07-CV-0652-K, 2007 WL 1670172 at *1 (N.D. Tex. Jun. 6, 2007). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

Petitioner was paroled from TDCJ-CID custody on August 19, 1993. His parole certificate, dated August 24, 1993, advised petitioner that "in the event of revocation of this release on Parole, time spent on Parole will <u>not</u> be credited to [your] sentence." (Resp. Prelim. Resp., Exh. A at 2) (emphasis in original). Therefore, petitioner either knew or should have been aware of the factual basis of his sentence credit claims when his parole was revoked on September 5, 2000. Petitioner raised these claims in an application for state post-conviction relief filed on November 28, 2007. The writ was denied on March 5, 2008.

At the very latest, the statute of limitations with respect to petitioner's sentence credit claims started to run on September 5, 2000--the date his parole was revoked. *See Scott*, 2007 WL 1670172 at *1. Yet petitioner waited more than *seven years* before seeking habeas relief in state or federal court. No explanation has been offered to justify this delay. Because petitioner has failed to establish a basis for statutory or equitable tolling, his sentence credit claims should be dismissed on limitations grounds.

B.

Petitioner further contends that he was denied due process, equal protection, and access to the courts during the state habeas proceeding. This claim, which did not accrue until petitioner's state writ was denied on March 5, 2008, may not be barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied sub nom. Rudd v. Cockrell*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.*

at 320, citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part on limitations grounds and denied in part. His sentence credit claims are barred by limitations and should be dismissed with prejudice. Petitioner's claim that he was denied certain constitutional rights during the state habeas proceeding should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 6, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE